OPINION OF THE COURT
PER CURIAM.
Everald Owen’s removal proceedings have been wending through the agency since 1997. In August 2008, the Board of Immigration Appeals (“BIA”) remanded the case of Owen, a citizen of Jamaica, to the Immigration Judge (“IJ”) for analysis as to whether Owen was removable. On remand, the Government lodged an additional charge of removability under Section 241(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(A), namely that Owen was excludable at entry under Section 212(a)(6)(c)(i), 8 U.S.C. § 1182(a)(6)(c)(i), for fraud or misrepresentation of a material fact and under Section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), for having no valid immigrant visa or entry document.
Owen denied the charge, but the IJ sustained it based on Owen’s earlier testimony in the record. The IJ sustained other charges, too, and held that there was no relief from removal available. The IJ stated that Owen could not pursue his application for adjustment of status because Owen was inadmissible and divorced and there was a question about drug trafficking in his past. The IJ also made an adverse credibility determination.
Owen appealed to the BIA. Holding that Owen was removable based on the most recently lodged charge, the BIA dismissed the appeal. The BIA noted that Owen’s testimony before the IJ at more than one time supported that he entered the United States by willful misrepresentation of a material fact and that he did not have a valid entry document. Going over the history of the case, the BIA concluded that no other charges were sustainable (as they had been dismissed, withdrawn, or shown to be unsupportable in earlier proceedings). The BIA rejected Owen’s arguments that the Government should not *707 have been permitted to lodge the newest charge and that his testimony in support of his adjustment application should not have been used against him. The BIA held that Owen was ineligible for adjustment of status because he and his wife had divorced. The BIA denied Owen’s application for suspension of deportation because Owen, who entered the United States in 1994 and who was served with an order to show cause in 1997, could not show the continuous presence necessary to win such relief. The BIA also rejected Owen’s claim of prejudice — that he would have been awarded relief earlier — if the Government had not lodged (the later withdrawn) drug abuser charge. The BIA noted that most of the delay was caused not by the continuance to brief the drug abuser issue but by Owen’s frequent changes of counsel, failures to submit necessary information, and incarcerations, among other things. Lastly, the BIA rejected Owen’s allegation that the IJ had limited his testimony, finding no impropriety in the IJ’s warnings to him about committing perjury.
Owen, representing himself, submits a petition for review. We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a). We review the decisions of the IJ and the BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We consider questions of law de novo. See Gerbier v. Holmes, 280 F.3d 297, 302 n. 2 (3d Cir.2002). We review factual findings, including adverse credibility determinations, for substantial evidence. See Butt v. Gonzales, 429 F.3d 430, 433 (3d Cir.2005).
Owen argues that the BIA erred in ruling that he does not have any relief available to him. He claims that he is eligible for adjustment of status under the Legal Immigration Family Equity Act Amendments (“LIFE Act”), an argument that the Government contends that we cannot consider for Owen’s failure to exhaust. Owen also claims that he was prejudiced by the IJ’s denial of an oral motion for a change of venue.
Upon review of the administrative record, we conclude that the Government is correct; Owen did not exhaust his claim for relief under the LIFE Act before the BIA. We cannot consider an issue that was not exhausted in agency proceedings. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir.2005). Accordingly, we cannot consider the issue to which Owen devotes the majority of his brief on appeal as well as his supplemental filing.
Owen did, however, raise the issue of the denial of his request for a change of venue in his brief before the BIA. R. 108. Although he contends that the denial was such that it infringed his right to due process, his claim does not succeed because he cannot show any prejudice from any purported due process violation. See Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir.2003) (holding that there is no due process violation in the absence of prejudice). Owen argues that his hearing would have had a different outcome because he would have been better able to prove that he “is actually divorced he and his wife would have remarried while at liberty.” [sic] However, a review of the record shows that Owen had the full and fan-hearing to which he was entitled (including a full and fair opportunity to present information about his marital status). See Abdulai v. Ashcroft, 239 F.3d 542, 549 (3d Cir.2001) (summarizing the protections to which an alien is entitled). Moreover, the issue of when he divorced or whether he divorced relates to the LIFE Act claim, which we cannot consider anyway because of his failure to exhaust it in administrative proceedings.
In short, because Owen raises an unex-hausted claim that we cannot consider, and *708 a due process claim that is without merit, we will deny his petition for review.